CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED
2020 FEB 27 PM 2: 30
DEPUTY CLERK BMH

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| LEEANDREA DESHUN MATHIS<br>Institutional ID No. 01649700,<br>SID No. 4449766,<br>Previous TDCJ ID Nos. 626590, 938899,<br>1050791,<br><br>            Plaintiff,<br><br>v.<br><br>RUBEN J. HURT, *et al.*,<br><br>            Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 5:19-CV-145-BQ |

## REPORT AND RECOMMENDATION

Proceeding pro se and *in forma pauperis*, Plaintiff Leeandrea Deshun Mathis filed this civil rights action on July 22, 2019, alleging the Defendants violated his constitutional rights. ECF No. 1. Mathis has not consented to proceed before the undersigned magistrate judge.

### I.   Background

The United States District Court reassigned this case on July 30, 2019, to the undersigned United States Magistrate Judge for preliminary screening under 28 U.S.C. §§ 1915 and 1915A. ECF No. 7. Before reassigning the case, the District Court issued a PLRA Filing Fee Order granting Mathis's request to proceed *in forma pauperis* (IFP), which advised Mathis of his obligation to "promptly notify the Court of any change in address . . . [and that his] [f]ailure to file such a notice may result in this case being dismissed for want of prosecution." ECF No. 6, at 2 ¶ 8 (dated July 30, 2019). Mathis received a similar admonishment when he initially filed this suit. *See* "Instructions to a Prisoner *Pro Se* Plaintiff," ECF No. 5, at 1 ¶ 2 ("You must notify the Court

if your address changes, or your case may be dismissed. Promptly file a written change of address notice in your case.").

On July 31, 2019, the Court commenced its initial screening of Mathis's Complaint. The Court mailed Mathis a notice of availability of the magistrate judge to exercise jurisdiction and a copy of the order seeking authenticated records from the Texas Department of Criminal Justice (TDCJ). *See* ECF Nos. 8, 9. After reviewing the records, the Court entered an order on January 9, 2020, requiring Mathis, within thirty days from the date of the order, to complete and return a questionnaire in accordance with *Watson v. Ault*, 525 F.2d 886, 892–93 (5th Cir. 1976) so the Court could obtain additional information about the factual basis of his Complaint. ECF No. 10. In its order directing Mathis to complete the questionnaire, the Court admonished Mathis that "failure to timely return the completed Questionnaire and Declaration . . . may and most probably will result in dismissal of his entire complaint." *Id.* That same day, the Clerk mailed the order and questionnaire to Mathis's address on file with the Court.[1] *See* "Clerk's Notice of delivery," dated January 9, 2020.

As of the date of this Order, Mathis has not returned a completed questionnaire to the Court or submitted any other type of notice or pleading, nor has the questionnaire been returned as undeliverable.[2] Indeed, Mathis has not communicated with the Court in any way since July 31, 2019—the day he filed his Complaint, motion for leave to proceed IFP, and certificate of inmate trust account. *See* ECF Nos. 1–3. In this posture, the Court can only conclude that Mathis no longer wishes to pursue his claims.

---

[1] When Mathis initiated suit, he was incarcerated at the TDCJ Price Daniel Unit (*see* ECF No. 1).

[2] A TDCJ offender search, however, returns no results when searching for Mathis by name, TDCJ Number, or SID Number. *See* Tex. Dep't of Criminal Justice, *Offender Information Search*, https://offender.tdcj.texas.gov/OffenderSearch (last visited Feb. 27, 2020).

2

## II. <u>Involuntary Dismissal</u>

A court has inherent authority under Rule 41(b) of the Federal Rules of Civil Procedure to sua sponte dismiss an action for want of prosecution. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–33 (1962); *Clofer v. Perego*, 106 F.3d 678, 679 (5th Cir. 1997). This authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link*, 370 U.S. 626).

As noted above, the Court commenced its initial screening of Mathis's Complaint by ordering the production of authenticated records from TDCJ, which the Court received on September 30, 2019. Thereafter, the Court mailed Mathis a questionnaire to obtain additional information about the factual basis of his Complaint. But Mathis has not returned the questionnaire—which the Clerk mailed seven weeks ago—despite a warning that his failure to do so could result in the dismissal of the case. Mathis's failure to respond to the questionnaire thwarts the Court's ability to further review the case. In this posture, a court is basically at the mercy of a litigant who refuses to respond to court order. Pro se litigants cannot hold a court's docket hostage by refusing to comply with specific orders designed to allow the court to timely and efficiently manage its docket.

This Court has previously dismissed other prisoners' claims for failing to return the Court's questionnaires. *See, e.g., Garcia v. Giles W. Dalby's CF, et al.*, No. 5:15-CV-040-BG, slip. op. at 1 (N.D. Tex. Nov. 4, 2015), *R. & R. adopted by* No. 5:15-CV-040-C (N.D. Tex. Dec. 3, 2015) (recommending dismissal of complaint without prejudice for failure to return questionnaire); *see also Swaissi v. Nichols*, No. 3:01-CV-2405-L, 2002 WL 1477429, at *1 (N.D. Tex. June 18, 2002), *R. & R. adopted by* 2002 WL 1477429 (N.D. Tex. July 5, 2002) (recommending dismissal of case

without prejudice where inmate did not timely respond to court's questionnaire, even after he updated address). Because Mathis has not responded to the questionnaire, and he has wholly failed to communicate with the Court in this action since July 22, 2019, the District Court should dismiss this case for want of prosecution. *See Manzo-Flores v. Dixon*, No. 5:13-CV-114-C, 2015 WL 728033, at *1 (N.D. Tex. Feb. 19, 2015) (Cummings, J.) (dismissing a prisoner's civil rights case for want of prosecution when the prisoner failed to timely file an answer to the magistrate judge's questionnaire).

### III.   Recommendation

Mathis has not consented to proceed before the undersigned United States Magistrate Judge. The undersigned therefore enters this Report pursuant to the order of transfer and recommends that the United States District Court dismiss Mathis's Complaint without prejudice for want of prosecution in accordance with Federal Rule of Civil Procedure 41(b).

### IV.   Right to Object

A copy of this Report and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Report and Recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1) (2016); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Report and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge

that are accepted or adopted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Dated: February 27, 2020

_____  
**D. GORDON BRYANT, JR.**  
**UNITED STATES MAGISTRATE JUDGE**